## LITTLE v. WELLS et al.

### In re REED.

District Court, D. Idaho, S. D.   December 14, 1928.

No. 1368.

Bothwell & Chapman, of Twin Falls, Idaho, for plaintiff.

Walters & Parry and J. R. Keenan, all of Twin Falls, Idaho, for defendants.

CAVANAH, District Judge.  R. C. Little, mortgagee in a certain mortgage given by the bankrupt, William G. Reed, for $50,000, petitioned the court to compel the defendants Myron H. Wells, trustee, and L. A. Chapin, receiver, in the bankrupt estate of William G. Reed, to pay certain taxes assessed against the bankrupt's real estate covered by the mortgage for the years 1926, 1927, and 1928. This proceeding presents but one question: Who shall pay the taxes assessed against the real estate for the three years referred to?

On January 21, 1920, William G. Reed, the bankrupt, and wife, gave their mortgage upon the premises in question as security for the payment of a loan of $50,000, which provided that the mortgagor shall pay all taxes and incumbrances and keep the property insured.  Reed defaulted in the payment of taxes for the year 1926, which became delinquent on December 27, 1926, and failed to keep the property insured.  Thereafter, on February 19, 1927, an involuntary petition in bankruptcy was filed against Reed in the United States District Court for the Southern District of California.  Reed being in default under the mortgage, Little, on June 29, 1927, instituted suit in the state court in Idaho to foreclose the mortgage by reason of the failure of Reed to pay the taxes and insurance.

On August 16, 1927, Reed was adjudicated a bankrupt, and the administration of his estate was referred to James L. Irwin, referee of the court at Los Angeles.  After the estate was referred to Irwin, the referee, the defendant Wells was appointed trustee in bankruptcy in California, and Chapin the ancillary receiver of the estate in Idaho.  Permission to proceed with the foreclosure of his mortgage in the state court was granted to Little by an order of this court.  Thereafter, on April 18, 1928, a decree of the state court foreclosing the mortgage was entered.  Application was then made to this court for an order, which was granted, directing a sale of the mortgaged premises pursuant to the terms of the decree of the state court, and in which it was in part provided:

"That such sale of said property shall be free and clear of all liens, except only the lien for state, county and city taxes and assessments; that any and all funds received by either said trustee or receiver as a result of such sale shall be kept and held in a separate fund in the State of Idaho; and that the lien of mortgage claimed by R. C. Little, namely, that certain mortgage dated January 21, 1920, recorded in the office of the county recorder of Twin Falls county, Idaho, in Book 60 of Mortgages, at page 259, to the extent

of forty-five thousand seven hundred thirty-three and ⁷⁶⁄₁₀₀ ($45,733.76) dollars be transferred to the funds derived from said sale. That said property shall be sold for not less than forty-five thousand seven hundred thirty-three and ⁷⁶⁄₁₀₀ ($45,733.76) dollars, subject to taxes and assessments, which shall be assumed by the buyer as above stated. * * *

"It is further ordered that the mortgage claimant, R. C. Little, herein, shall be permitted to bid at the sale of said property, and to credit on his bid the amount of his said lien, and that should the property be sold to said R. C. Little for the amount of his said lien, then, and in that case, this court retains jurisdiction and will further consider the question of whether or not the said R. C. Little is entitled to have the net rents, issues and profits derived from the property in question by the trustee or receiver applied upon the taxes and assessments against the hereinbefore described property."

The sale of the mortgaged premises was had under this order on July 5, 1928, and Little became the purchaser, bidding the sum of $45,733.76, being the amount of the decree, which was confirmed on August 9, 1928, and he immediately took possession of the premises. The taxes for the three years not having been paid by the defendant trustee, Little filed his petition, and, after an order to show cause, the defendants answered, urging the principal question upon which the decision must rest; i. e., must the trustee of the bankrupt estate pay all taxes due or becoming due out of the assets of the estate, and must the rents received by the trustee of the mortgaged property be applied for that purpose? Prior to and at the time the above order was made it was represented to the court by the defendants that the mortgaged premises were of the value of at least $75,000, and with that thought in mind it was provided in the order of sale that the purchaser at the sale assume the indebtedness of the taxes assessed against and owing on the premises, and that the mortgagee might, for the protection of his interest, bid at the sale and credit on his lien the amount of his bid, and further, in the event the property was purchased by him, this court would further consider the right of the mortgagee to have applied on the taxes and assessments against the property the net rents and profits derived from the property by the receiver.

At the time the order of sale was entered, it was in dispute as to whether taxes and assessments against the property should be paid by the bankrupt estate out of the net rents and profits derived from the mortgaged property, or by the mortgagee, so the question was reserved to be determined later. It will be observed that, so far as the effect of the order of sale is concerned, the question as to whether the payment of the taxes should be by the estate of the bankrupt was limited to the net rents and profits derived from the mortgaged property, and not out of any other property of the estate.

Considering, then, first this phase of the question, the complainant asserts that while the order provides that the sale shall be free and clear of all liens, except the lien for taxes and assessments, yet it further provides that in case complainant bids at the sale there was reserved by the court to be determined his right to have applied upon the payment of taxes the net rents and profits derived from the mortgaged property. This would seem to be the correct interpretation of the order. The rents collected upon this property by the trustee or receiver until confirmation of the sale became a part of the assets of the estate, and is subject to the payment of all the debts of the bankrupt, in the order of priority as provided for in the bankruptcy act. If, then, these rents became assets of the estate, we are confronted with the further question: Are they to be applied upon the payment of taxes due and owing by the bankrupt on the property covered by the mortgage, where, in the order of sale under the foreclosure decree, its determination was reserved?

Section 6938 of the Idaho Compiled Statutes, as amended by Session Laws 1921, p. 364, relied upon by complainant, provides that the purchaser or judgment creditor from the time of the foreclosure sale is entitled to receive from the tenant in possession the rents of the property sold, and the amount when so received shall be credited upon the redemption money to be paid. This provision of the statute allows the judgment creditor from the time of the sale until redemption the right to have applied the rents upon the amount of the judgment. The decree of foreclosure does not include the taxes unpaid, as they were not at the time of its entry paid by the judgment creditor, although in his complaint he prayed for the amount of the delinquent taxes for the year 1926. Then it would seem that under the statute, only the rents accruing since July 5, 1928, the time of the sale, until August 9, 1928, the date when complainant received his deed and took possession, could be applied in the payment of the amounts included in the decree of foreclosure, and accruing taxes, costs, and other charges incurred in connection with the sale,

which were not included in the decree. The mortgagee having satisfied in full the decree by bidding the full amount thereof, there would be no deficiency on which to apply the rents, unless it be for accruing taxes, costs, and charges from July 5, 1928, until August 9, 1928; but, as stated in the petition, he has received all of the rents and profits of the mortgaged premises from and after July 5, 1928, and therefore there would not be any of the rents coming to him under the statute.

Complainant insists that the bankruptcy estate should be required to pay these taxes for the further reason that, from the time of the institution of the foreclosure proceedings on June 29, 1927, until he was permitted to proceed to foreclose his mortgage and bid the property in under the order of the court, he was delayed and hindered in every possible way, to his damage and to the benefit of the general creditors, and that section 64a of the Bankruptcy Act, as amended (11 USCA § 104(a), requires the trustee to pay all taxes legally due. This section of the act, as amended, is as follows:

"*Debts which have priority.* (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, that no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court."

Under this section the court would not have the power to order the trustee to pay any taxes assessed against the real estate of the bankrupt out of the general funds in his hands in excess of the value of the interest of the bankrupt estate therein as determined by the court. Complainant purchased the property under the order of the court "subject to the lien for state, county and city taxes and assessments," and paid for it the sum of $45,733.76, and in doing so he established the value of the property as against himself in that sum, plus the amount due for taxes and assessments. Having knowledge of the outstanding taxes at the time he bought the premises, and the provision in the order under which the sale was conducted, wherein it is provided that the property must be sold subject to taxes, and the purchaser assumes the taxes, he cannot now assert that the taxes should be paid by the trustee of the bankruptcy estate, other than as stated under section 6938 of the Statutes of Idaho. Remington on Bankruptcy, § 2793.

As to the equitable feature of the controversy, it appears that at the time of the institution of the foreclosure proceedings the complainant applied to the state court for an order appointing a receiver, which was denied, and we must therefore assume, from the action of the court, that it was thought the mortgagee's security was ample to satisfy the liens against the property.

The complaint in the foreclosure proceedings disclosed that there had theretofore been paid on the principal amount of the mortgage $12,000, leaving a balance of $38,000, and there was allowed in the decree in that case the sum of $45,733.76, which covered the balance of the principal sum, together with interest of $3,636, insurance of $188, attorney's fees $3,800, and costs, and at the sale complaint bid the sum of $45,733.76, being the full amount then due under the decree. It is evident that the reason why the taxes for 1926 were not included in the decree was because the mortgagee did not make proof of payment by him, and therefore the court could not decree a lien for them. Complainant has now title and possession of the mortgaged property, which has an annual rental value of about $15,600, and he has received such rent since July 5, 1928.

In face, then, of the conclusion reached, defining the rights of the parties under the state statute and Bankruptcy Act, and of the mortgagor having 1 year of redemption under the state statute in case the sale was had under the state decree, and that it was 1 year and 26 days from the institution of the foreclosure proceedings to the sale, when complainant commenced receiving the rents, and the facts relating to what the complainant has received under the mortgage, a court of equity should not now require the trustee to pay the taxes in question.

An order may be submitted in accordance with the views herein expressed.